UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TYRONE PAUL,<br><br>           Plaintiff,<br><br>   v.<br><br>IDAHO STATE POLICE DISTRICT 2; PATRICK BURKE; and BRAEDEN O. HAMMON,<br><br>           Defendants. | Case No. 2:21-cv-00380-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

      The Clerk of Court conditionally filed Plaintiff Tyrone Paul's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. *See* Dkt. 1, 2.

      The Court now reviews Plaintiff's Complaint to determine whether this case should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order dismissing the Complaint and directing Plaintiff to file a second amended complaint if Plaintiff intends to proceed.[1]

---

[1] After filing the initial Complaint, Plaintiff filed a document entitled, "Amend [sic] Complaint." *See* Dkt. 8. Plaintiff is entitled to amend the complaint once as a matter of course within the time period set forth in Rule 15. However, Docket No. 8 does not appear to be intended as a true amended complaint; Plaintiff seeks to "add" a new claim and new defendants to the action, rather than replacing the complaint entirely. Construing Docket No. 8 as an amended complaint would

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

1.      **Pleading Standards and Screening Requirement**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal*/*Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the

---

have the effect of superseding (and thus nullifying or erasing) all of the allegations in the original Complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc). Treating the document as an amended complaint also would count as Plaintiff's only opportunity to amend as a matter of course. Because Plaintiff, acting pro se, likely did not anticipate such consequences when submitting Docket No. 8, the Court will consider the initial Complaint (Dkt. 1) to be the operative pleading in this case. If Plaintiff chooses to amend in response to this Order, he should include all of his allegations and claims against all Defendants in a single comprehensive pleading. For purposes of clarity, Plaintiff should identify any such pleading as the "Second Amended Complaint," which he may file as a matter of course.

complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). Bare allegations that amount to a mere restatement of the elements of a cause of action, without adequate factual support, are not enough.

The Prison Litigation Reform Act ("PLRA")[2] requires that the Court review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. 28 U.S.C. §§ 1915(e)(2) & 1915A.

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. *Id*. These last two categories—together with claims that fall outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable

---

[2] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).[3] Moreover, even if a complaint meets the pleading requirements, dismissal under §§ 1915 and 1915A is still appropriate if an affirmative defense is an "obvious bar to securing relief on the face of the complaint." *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

### 2. Factual Allegations

Plaintiff is a pretrial detainee currently detained at the Kootenai County Public Safety Building. It appears from the Complaint that Plaintiff is awaiting trial on charges stemming from the following events.

On May 18, 2021, Plaintiff was a passenger in a car when police officers conducted "a simple 'traffic stop' for dark tint." *Compl.*, Dkt. 1, at 3. Plaintiff alleges that he was detained for "a significant amount of time" in the back of a police car. *Id.* at 3–4. Officers conducted "a warrantless search of [the] vehicle."

---

[3] Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after opportunity to amend. *See Lopez*, 203 F.3d at 1130.

*Id*. at 4. A drug dog alerted on the car, but Plaintiff states that, even after three searches of the car, the officers still had not found any drugs in the car.

Plaintiff was formally arrested on unidentified charges.[4] *Id*. at 4. Plaintiff invoked his right to remain silent and his right to counsel. Instead of taking Plaintiff directly to jail, officers brought him to the headquarters of the Idaho State Police. *Compl*. at 4–5. Plaintiff alleges that, in a state court hearing on June 30, 2021, Defendant Hammon admitted to violating Plaintiff's constitutional rights by taking him to headquarters after Plaintiff invoked those rights. *Id*. at 5.

Plaintiff asserts Fourth, Fifth, Sixth, and Fourteenth Amendment claims arising from his arrest and the post-arrest conduct of Defendants on May 18, 2021. Plaintiff seeks damages and injunctive relief. *Id*. at 6.

**3.      Discussion**

Plaintiff has not alleged sufficient facts to proceed with the Complaint. The Court will, however, grant Plaintiff 60 days to file a second amended complaint. Any second amended complaint should take into consideration the following.

   **A.      *Standards of Law for § 1983 Claims***

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights

---

[4] Though the Complaint does not explain the basis for Plaintiff's May 18 arrest, his ongoing pretrial detention in Kootenai County indicates that criminal charges stemming from that arrest remain pending.

protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

States and state entities are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). States and state entities are also immune from suit in federal court, absent a waiver of sovereign immunity. *See* U.S. Const., amend. XI; *Hans v. Louisiana*, 134 U.S. 1, 16–18 (1890); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

To be liable under the civil rights statute, a "defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Governmental officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does

not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by plausibly alleging that a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted).

A claim that a supervisor or training official failed to adequately train subordinates ordinarily requires that, "in light of the duties assigned to specific officers or employees[,] the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the [supervisor or training official] can reasonably be said to have been

deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). That is, to maintain a failure-to-train claim, a plaintiff must allege facts showing a "pattern of violations" that amounts to deliberate indifference. *Connick v. Thompson*, 563 U.S. 51, 72 (2011).

Likewise, "a failure to supervise that is sufficiently inadequate may amount to deliberate indifference" that supports a § 1983 claim, but there generally must be a pattern of violations sufficient to render the need for further supervision obvious. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks omitted). That is, if a supervisory or training official had "knowledge of the unconstitutional conditions" through such a pattern of violations—including knowledge of the "culpable actions of his subordinates"—yet failed to act to remedy those conditions, that official can be said to have acquiesced "in the unconstitutional conduct of his subordinates" such that a causal connection between the supervisor and the constitutional violation is plausible. *Starr*, 652 F.3d at 1208.

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

### B. Plaintiff's Claims as Currently Pleaded Appear Subject to *Younger* Abstention

Plaintiff's claims all stem from the events leading up to and following Plaintiff's arrest and, therefore, implicate the pending criminal charges against Plaintiff. However, federal courts must usually abstain from hearing civil rights actions that challenge ongoing state criminal proceedings. The Court can hear such an action only if "the threat to the plaintiff's federally protected rights … cannot be eliminated by his defense against a single criminal prosecution." *Younger v. Harris*, 401 U.S. 37, 46 (1971).

For a court properly to abstain from hearing a case under the *Younger* doctrine, three factors must be present: (1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate an important state interest; and (3) there must be an adequate opportunity in the state proceeding to raise the constitutional challenge. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Where abstention is appropriate, a court may entertain the action only if "extraordinary circumstances" are present, including (1) where irreparable injury is both "great and immediate," (2) where the state action is "flagrantly and patently violative of express constitutional prohibitions," or (3) where there is a showing of "bad faith, harassment, or any other unusual circumstances that would call for equitable relief." *Younger*, 401 U.S. at 46, 53–54.

Here, if this Court were to interfere in Plaintiff's ongoing state criminal case, the principle of comity would not be served. Important state interests are at stake where criminal proceedings are involved, as discussed in *Younger*. Plaintiff has a remedy in the state court system, and there is nothing in the Complaint to indicate that the state courts are incapable or unwilling to adjudicate the constitutional issues raised by Plaintiff. Because the three *Younger* abstention factors are present here, and because no extraordinary circumstances are alleged in the Complaint, the Court concludes that abstaining from Plaintiff's civil rights claims is appropriate.

Therefore, the Court will dismiss the Complaint without prejudice. Plaintiff will have an opportunity to file a second amended complaint that addresses the abstention issue. Plaintiff should include in that complaint any facts that would support a decision not to abstain under *Younger*, given the standards set forth above. In addition, if Plaintiff's current detention is unrelated to any pending criminal charges so as to render *Younger* inapplicable, he should so inform the Court and identify the charge for which he is detained.

**4.      Standards for Second Amended Complaint**

If Plaintiff chooses to amend, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal

connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular federal constitutional provision (or state law provision) Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any second amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by

INITIAL REVIEW ORDER BY SCREENING JUDGE - 11

reference other pleadings or documents. *See* Dist. Idaho Loc. Civ. R. 15.1. Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The second amended complaint must be legibly written or typed in its entirety. Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files a second amended complaint, Plaintiff must also file a "Motion to Review the Second Amended Complaint." If Plaintiff does not amend within 60 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. The Complaint (Dkt. 1) is DISMISSED without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

2. Plaintiff has 60 days within which to file a second amended complaint as described above. Any such complaint will be limited to 20 pages. *See* General Order 342, *In Re: Procedural Rules for Prisoner Civil Case Filings and for Prisoner E-Filing Program*, § A(1)(a).

Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[5]

3. If Plaintiff does not amend within 60 days, judgment will be entered, and the case will be closed.

4. Plaintiff's Motion for Appointment of Counsel (Dkt. 9) is DENIED without prejudice. Plaintiff may renew the request for counsel in any second amended complaint.

DATED: December 3, 2021

B. Lynn Winmill
U.S. District Court Judge

---

[5] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 13